UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN LUAN VU (A-221-390-043),<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-07664-DC-CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Van Luan Vu (A-221-390-043), an immigration detainee proceeding with counsel, filed a second verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on January 2, 2025 without inspection. On January 4, 2025, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials and has been in continuous detention since this date. This habeas action concerns petitioner's prolonged detention. For the reasons that follow, the Court recommends that respondents' motion to dismiss be granted.

## I. FACTUAL BACKGROUND

Petitioner is a citizen and native of Vietnam. (ECF No. 1 at 1.) On January 2, 2025, petitioner entered the United States without inspection. (Id. at 4.) On January 4, 2025, petitioner

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

was detained by ICE and has been continuously detained since that date. (Id.) On January 4, 2025, petitioner was determined to be inadmissible under section 235(b)(1) of the Immigration and Naturalization Act ("INA") (8 U.S.C § 1225(b)(1)), placed in expedited removal proceedings, and ordered removed by the border patrol agent. Van Luan Vu v. Warden, California City Det. Facility, No. 1:26-CV-3400 DC CSK, 2026 WL 1623153, at *2 (E.D. Cal. June 5, 2026) ("Vu I") (ECF No. 7-2). On January 29, 2025, petitioner expressed fear of returning to Vietnam and received a credible fear interview during which he established a credible fear of return to Vietnam. (ECF No. 1 at 4.) On February 26, 2025, petitioner was issued a Notice to Appear in INA Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings. (Id.)

Respondents do not contend that petitioner has a criminal history. (ECF No. 12.)

On April 15, 2026, an immigration judge found petitioner removable, denied petitioner's requests for asylum and withholding of removal, and ordered petitioner removed to Vietnam. (Id. at 4-5.) On May 11, 2026, petitioner timely filed an appeal which is currently pending. (Id. at 5.) Thus, the removal order is not yet final.

## II. PROCEDURAL BACKGROUND

On May 4, 2026, petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of California, challenging his detention. The district court granted his first petition and ordered a bond hearing before an immigration judge where the government bears the burden of proof to show that petitioner is a danger or flight risk by clear and convincing evidence. Vu I, 2026 WL 1623153, at *2.

On July 7, 2026, an immigration judge held a bond hearing and denied petitioner bond, finding petitioner is a flight risk. (ECF No. 12-1.) Petitioner does not assert that he appealed this decision. (ECF No. 1 at 5; ECF No. 13 at 8.)

On September 21, 2026, petitioner filed the instant habeas petition in this district, his second habeas petition, challenging his continued detention. (ECF No. 1.) On October 12, 2026, respondents filed a motion to dismiss. (ECF No. 12.) On October 26, 2026, petitioner filed a reply. (ECF No. 13.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

In the instant petition, in Counts I, V, VI, and VII, petitioner challenges his prolonged detention based on the violation of the Due Process Clause of the Fifth Amendment. (ECF No. 1 at 6-14). He also contends he is detained under 8 U.S.C. § 1226(a). (Id. at 12-13.) In the motion to dismiss, respondents contend that petitioner's second habeas petition should be denied as an abuse of the writ as to these counts where he could have raised the same claims in his initial petition. (ECF No. 12 at 3-4.) In Counts II, III, and IV, petitioner raises challenges to his bond hearing. (ECF No. 1 at 8-11.) The government argues these claims should be dismissed where

he failed to exhaust administrative remedies and that, if exhaustion is excused, challenges to the bond hearing should be rejected. (ECF No. 12 at 4-7.) Petitioner counters that the exhaustion requirement should be excused given the length of petitioner's detention and that the bond hearing did not comply with the due process protections ordered by the court. (Id. at 3.)

**A. Due Process Claims Based on Prolonged Detention**

There is no statutory prohibition on second or successive habeas corpus petitions filed pursuant to 28 U.S.C. 2241. Compare 28 U.S.C. § 2255(e); 28 U.S.C. § 2244(a), (b). However, the Ninth Circuit has recognized that the common law doctrine of the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention filed pursuant to § 2241. See Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011). The doctrine reaches only those claims a petitioner had a full and fair opportunity to raise earlier. See Eldridge v. Howard, 70 F.4th 543, 552 (9th Cir. 2023). A petitioner has no such opportunity where "[1] the claim was not yet ripe at the time of the first petition, or [2] where the alleged violation occurred only after the denial of the first petition." Alaimalo, 645 F.3d at 1049 (internal citation omitted). "[A] successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." Id.

The petition in Vu I raised a single due process claim regarding petitioner's prolonged detention. See Vu I, ECF No. 1 at 16-17, ¶ 49 ("Petitioner's ongoing prolonged detention without a hearing violates due process."). The Court recognizes that the additional arguments regarding petitioner's prolonged detention could have been raised in his initial habeas petition as he had been detained for 17 months at the time of filing. See Vu I. The Court also recognizes that petitioner filed his first habeas petition pro se and is now proceeding with counsel. In an abundance of caution, the Court proceeds to address his due process claims.

As an initial matter, petitioner asserts he is subject to detention under 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b) as he was placed into full removal proceedings under 8 U.S.C. § 1229a following his credible fear interview and not designated as an arriving alien on his Notice

to Appear. (ECF No. 1 at 12-13.) In the initial habeas proceeding, the Court found he is subject to detention under 8 U.S.C. § 1225(b)(1). See Vu I. The Court finds that petitioner remains subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii) where his appeal to the BIA of the immigration judge's order denying his asylum application remains pending. (ECF No. 1 at 13.)

The Court previously found that petitioner has a protected liberty interest and ordered a bond hearing where the government bears the burden of proof. See Vu I. Though the Court recognizes petitioner's detention continues to be prolonged and it may continue for several months during the pendency of the BIA appeal, as petitioner has received a court-ordered bond hearing before an immigration judge, the Court finds that petitioner has received the process he is due.

**B. Challenges to Bond Hearing**

In Counts II, III, and IV, Petitioner challenges his prolonged detention based on the adequacy of the immigration judge bond hearing. (ECF No. 1 at 8-11.) He contends the hearing was not constitutionally adequate and violated the district court's order in Vu I. (ECF Nos. 1, 13.) He further argues that exhaustion should be excused where his detention has become exceedingly prolonged. (ECF No. 13 at 7-8.) Respondents argue that petitioner failed to exhaust where he did not appeal the immigration judge's denial of bond and that the bond hearing was constitutionally adequate and did not violate the district court's order. (See ECF No. 12.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach

the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). The court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Under the circumstances of this case, even if the Court were to excuse exhaustion, the Court finds no abuse of discretion in the immigration judge's decision denying bond. In constitutional challenges to an immigration judge's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024). This type of review does not involve "reweigh[ing] evidence" but rather determining whether the immigration judge "applied the correct legal standard." Id. (citation and quotations omitted). "In reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence . . . review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (citation and quotations omitted). When an immigration judge's decision is "arbitrary, irrational, or contrary to law," it is an abuse of discretion. Bonilla v. Lynch, 840 F.3d 575, 581 (9th Cir. 2016) (quoting Avagyan v. Holder, 646 F.3d 672, 678 (9th Cir. 2011)).

On June 4, 2026, the district court granted petitioner's first habeas petition and ordered a bond hearing before an immigration judge where the government bears the burden of proof to establish that petitioner is a danger or flight risk by clear and convincing evidence. Vu I (ECF No. 12). On July 7, 2026, an immigration judge held a bond hearing and denied petitioner bond,

finding petitioner is a flight risk. (ECF No. 12-1.)

Rather than placing the evidentiary burden on petitioner, the immigration judge's July 7, 2026 order reflects that the immigration judge properly followed the district court's order by requiring the Department of Homeland Security ("DHS") to bear the burden of establishing by clear and convincing evidence that petitioner constitutes a flight risk. (See ECF No. 12-1.) In the immigration judge's written order, the immigration judge noted that "DHS met its burden by clear and convincing evidence that Respondent is a flight risk." (Id.) Accordingly, the immigration judge's decision reflects application of the correct legal standard. See Martinez, 124 F.4th at 784; Vu I (ECF No. 12.).

Further, the immigration judge's written order articulated three reasons for the flight risk determination: 1) DHS's evidence that petitioner's applications for relief were denied; 2) petitioner's lack of family ties to the United States; and 3) that petitioner's wife and children reside in Vietnam. (Id.) In specifying this reasoning supporting the finding that petitioner constituted a flight risk, the immigration judge provided a "reasoned explanation for its actions." Movsisian v. Ashcroft, 395 F.3d 1095, 1098 (9th Cir. 2005). Thus, this Court will not reweigh the evidence presented before the immigration judge and finds no abuse of discretion in the immigration judge's determination where it was not arbitrary, irrational, or contrary to law. See Bonilla, 840 F.3d at 581. Accordingly, any challenges to the merits of the immigration judge's denial of bond should be or should have been raised through the normal process by appealing the denial to the BIA.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (ECF No. 12) be GRANTED;
2. The petition for writ of habeas corpus (ECF No. 1) be DENIED; and
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of the date of these findings and recommendations, any party may file written objections with the

court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 18, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

vu7664.2241.imm/9